OPINION
Defendant-appellant appeals from the November 6, 1997, Judgment Entry of the Perry County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 13, 1993, a Bill of Information was filed indicating that appellant, between February 1, 1993, and February 28, 1993, had engaged in sexual conduct with another, not his spouse, "by purposely compelling said other person to submit by force or threat of force" in violation of R.C. 2907.02(A)(2). After waiving prosecution by indictment, appellant, on July 15, 1993, entered a plea of guilty to one count of rape in violation of R.C. 2907.02(A)(1)(b), an aggravated felony of the first degree. Thereafter, appellant was sentenced to prison for an indefinite term of five (5) to twenty five (25) years. A Judgment Entry memorializing appellant's plea and sentence was filed on July 16, 1993. An amended entry was filed on August 6, 1993. After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, the trial court scheduled a hearing for October 16, 1997, to determine appellant's status as a sexual predator. On August 22, 1997, a notice of the October 16, 1997, hearing was filed. Copies of the notice were sent to both counsel in this matter. On September 3, 1997, appellant filed a Motion for Order Finding R.C. 2950.09(C) inapplicable as a Ex Post Facto Law and as Being Contrary to the Double Jeopardy Clauses of the U.S. and Ohio Constitutions. A memorandum contra appellant's motion was filed on September 17, 1997. Pursuant to a Judgment Entry filed on September 23, 1997, the trial court denied appellant's motion. At the October 16, 1997, hearing, appellant orally moved for a cancellation of that hearing, arguing, that since appellant was not scheduled for release until the year 2000 at a minimum, the hearing was premature. Appellant argued that holding the hearing as scheduled on October 16, 1997, would deny him the opportunity to engage in rehabilitative conduct which could be presented as evidence. The court denied appellant's oral motion and, at the conclusion of the hearing, adjudicated appellant a sexual predator. A Judgment Entry memorializing the court's adjudication was filed on November 5, 1997. An Amended Entry was filed on November 6, 1997. It is from the November 6, 1997, Entry that appellant prosecutes his appeal, raising the following assignments of error:
I
 O.R.C. 2950.09 IS UNCONSTITUTIONAL BY DEPRIVING APPELLANT OF PROCEDURAL DUE PROCESS WHEN THE HEARING IS HELD YEARS PRIOR TO APPELLANT'S RELEASE FROM PRISON.
II
 THE COURT'S FINDING THAT APPELLANT IS A "SEXUAL PREDATOR" IS AGAINST THE SUFFICIENCY AND/OR THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his first assignment of error, appellant argues that his procedural due process rights have been violated by holding a sexual predator hearing while appellant is still incarcerated and not subject to release in the near future. According to appellant, the trial court, by holding the hearing when it did, denied him of the opportunity to present "relevant, competent and persuasive evidence showing his likelihood not to reoffend as a sexual predator." The timing of a sexual predator hearing was addressed in State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported, in which this court held as follows: "[t]he statutory scheme of R.C. 2950.09 contemplates a hearing soon after the Department of Rehabilitation and Correction recommends an offender be adjudicated a sexual predator. When the offender is sentenced on or after the effective date of R.C.2950.09, a trial court is required to conduct the sexual predator hearing prior to sentencing. R.C. 2950.09(B)(1). If the Department recommends the offender be adjudicated a sexual predator, the statute authorizes the trial court, upon receipt of such recommendation, to conduct a hearing to determine whether the offender is a sexual predator. R.C. 2950.09(C)(2). If the court schedules a hearing, the court is required to notify the offender and the prosecutor of the date, time, and place of the hearing. Id. The hearing is to be conducted in the same manner as a hearing for an offender sentenced after the effective date of the statute. Id. Although the statute does not specifically set forth the time frame in which a trial court must schedule a hearing following receipt of the Department's recommendation, it does not appear the statute contemplates or requires the court hold the hearing near the date of release of the offender." (Emphasis added).
Moreover, pursuant to R.C. 2950.09(D)(1), an offender such as appellant who has been adjudicated a sexual predator may petition the trial court to enter a determination that he should no longer be classified as such. R. C. 2950.09(D)(1) reads, in part:
 ". . . an offender who has been convicted of or pleaded guilty to a sexually oriented offense and who had been adjudicated as being a sexual predator relative to the sexually oriented offenses in the manner described in division (B) or (C) of this section may petition the judge who made the determination that the offender was a sexual predator, or that judge's successor in office, to enter a determination that the offender no longer is a sexual predator. . . .
 (a) . . . if, on or after the effective date of this section, the offender is imprisoned or sentenced to a prison term or other confinement for the sexually oriented offense in relation to which the determination was made, the offender initially may file the petition not earlier than one year prior to the offender's release from the imprisonment, prison term, or other confinement by discharge, parole, judicial release, or any other final release.
. . .
 (b) After the offender's initial filing of a petition under division (D)(1)(a) of this section, thereafter, an offender may file a petition under this division upon the expiration of five years after the court has entered an order denying the most recent petition the offender has filed under this division."
Thus, even though appellant has been adjudicated a sexual predator, he may petition the court to reclassify him based on his subsequent remedial behavior, including any sexual offender programs that he has completed. Based on the foregoing and based on the fact that appellant was given adequate notice of the October 16, 1997, hearing, the trial court did not deprive appellant of his right to due process by holding the sexual predator hearing on October 16, 1997. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends that the trial court's finding that appellant is a sexual predator is against the sufficiency and/or the manifest weight of the evidence. Appellant specifically asserts that the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence as required by R.C. 2950.09(C). In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
At the October 16, 1997, hearing, William Dawson, who was an investigator in 1993 with the Perry County Children's Services, testified that appellant had told him during an interview that he had sexual intercourse with both his 14 year old stepdaughter and 14 year old niece. While he was unable to recall appellant's age at the time, Dawson testified that appellant was an adult when he had intercourse with the two victims and that appellant had not provided his victims with drugs or alcohol. Dawson was not familiar with appellant's criminal record. Based on Dawson's testimony and taking judicial notice of the fact that appellant's conviction was for rape, the trial court adjudicated appellant a sexual predator as defined in R.C. 2950.01(E). The trial court, in so holding stated as follows: "After reviewing 2950.09, on the conviction for the rape offense, and the fact of the age of the victims in this particular matter, that being all the victims, but there being one rape offense actually charged in this case, I find that the defendant does, in fact, fit the . . . statute for registration as a sexual predator." Transcript of Proceedings at 10.
Upon review of the transcript of the sexual predator hearing, we find the trial court was presented with evidence regarding six, and arguably seven, of the ten factors listed in R.C.2950.09(B)(2). Of those seven, two mitigate against a determination appellant is a sexual predator [(b) and (e)]; two, and arguably four, mitigate in favor of a determination appellant is a sexual predator [(c) and (d) and arguably (a) and (h)]; and one is neutral [(f)]. No evidence was presented by the appellee as to factors (g), (i), or (j). Based upon the evidence presented, we find sufficient evidence was presented to support the trial court's determination appellant is a sexual predator. Appellant's second assignment of error is overruled.
The judgment of the Perry County Court of Common Pleas is affirmed.
By Hoffman, J. Gwin, P.J. and Edwards, J. concurs In part, dissents in part.